**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

```
ERICA POOL,                          )    3:16-cv-00019-HDM-VPC
                                     )
              Plaintiff,             )
                                     )    ORDER
vs.                                  )
                                     )
GAIL WILLEY LANDSCAPING, INC.,       )
GAIL WILLEY and DOES 1-50,           )
                                     )
              Defendant.             )
_____)
                                     )
And related counterclaims.           )
_____)
```

Before the court is defendants' motion for partial judgment on the pleadings (ECF No. 35). Plaintiff has responded (ECF No. 37), and defendants have replied (ECF No. 39).

Plaintiff's complaint asserts eight causes of action: (1) Count I – sex and religious discrimination pursuant to Title VII, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 et seq., and Nev. Rev. Stat. § 613.330 et seq.; (2) Count II – retaliation pursuant to Title VII 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981 et seq., and Nev. Rev. Stat. § 613.330 et seq.; (3) Count III – tortious discharge; (4) Count IV – failure to pay overtime in violation of

1

1  the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and
2  Nev. Rev. Stat. § 608.018; (5) Count V – failure to pay for each
3  hour worked in violation of the Fair Labor Standards Act ("FLSA"),
4  29 U.S.C. § 201 et seq., and Nev. Rev. Stat. § 608.018; (6) Count
5  VI – failure to provide periods for meal and rest in violation of
6  Nev. Rev. Stat. § 608.019; (7) Count VII – willful failure/refusal
7  to pay wages in violation of Nev. Rev. Stat. § 608.190; and (8)
8  Count IX – waiting time penalties in violation of Nev. Rev. Stat. §
9  608.040.  The prayer for relief also seeks damages pursuant to 42
10 U.S.C. § 1983.
11      In his motion, the defendant Gail Willey seeks a judgment of
12 dismissal, arguing that although he was named as a defendant, none
13 of the claims are pleaded against him individually.  He further
14 argues that even if the claims had been pled against him
15 individually, the discrimination claims in Counts I and II cannot
16 stand against him because discrimination claims can be brought only
17 against employers and not against individuals.  In addition, both
18 defendants assert that plaintiff's claims under 42 U.S.C. § 1981
19 and 1983 are not tenable given the allegations of the complaint,
20 that plaintiff's claim of tortious discharge is not cognizable
21 because she has an adequate statutory remedy, and that plaintiff's
22 claims under Chapter 608 of the Nevada Revised Statutes are not
23 tenable because there is no private right of action to enforce the
24 labor statutes therein.
25      Plaintiff does not oppose defendants' motion, but requests
26 that most of the claims be dismissed without prejudice.  Defendants
27 in response request that the court enter partial judgment in their
28 favor on all claims set forth in the pleading.

2

Although named as a defendant, Gail Willey has not been named in any cause of action in the complaint. Accordingly, this action is hereby **DISMISSED WITHOUT PREJUDICE** as to defendant Gail Willey except as to the claims dismissed with prejudice as hereinafter set forth.

Plaintiff's claims of religious and sexual discrimination and retaliation in violation of 42 U.S.C. § 1981 are not cognizable, as § 1981 applies only to claims of racial discrimination. *See Runyon v. McCrary*, 427 U.S. 160, 167 (1976). Therefore, those portions of Counts I and II asserting a claim under § 1981 are **DISMISSED WITH PREJUDICE** as to both defendant Gail Willey and defendant Gail Willey Landscaping, Inc.

Section 1983 of Title 42 of the United States Code applies only to state actors. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Plaintiff concedes that defendants are not state actors and that this claim is properly dismissed. Accordingly, plaintiff's request for damages under § 1983 is **DISMISSED WITH PREJUDICE** as to both defendant Gail Willey and defendant Gail Willey Landscaping, Inc.

Plaintiff's claim of tortious discharge based on her refusal to participate in certain religious practices is not cognizable because she has adequate statutory remedies for this claim. *See Chavez v. Sievers*, 43 P.3d 1022, 1026 (Nev. 2002); 42 U.S.C. § 2000e *et seq.;* Nev. Rev. Stat. § 613.330 *et seq*. Plaintiff stipulates that this claim should be dismissed. Accordingly, Count III is **DISMISSED WITH PREJUDICE** as to both defendant Gail Willey and defendant Gail Willey Landscaping, Inc.

Finally, plaintiff agrees that there is no private right to

3

enforce the claims she has brought under Chapter 608 of the Nevada Revised Statutes. Accordingly, Counts V, VI, VII, and IX, and that part of Count IV asserting a claim under Nev. Rev. Stat. § 608.018, are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

DATED: This 4th day of January, 2017.

_____
UNITED STATES DISTRICT JUDGE

4