**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERICA POOL,<br><br>    Plaintiff,<br> v.<br><br>GAIL WILLEY LANDSCAPING, INC., a Nevada corporation; GAIL WILLEY, and individual; and DOES 1-50, inclusive,<br><br>    Defendants. | 3:16-cv-00019-HDM-VPC<br><br>**ORDER** |

On December 6, 2012, this court considered defendants' motion to compel and request for sanctions (ECF No. 34) against plaintiff Erica Pool. The court granted the motion and ordered that plaintiff provide outstanding discovery requests as soon as possible. (ECF No. 43.) The court also granted defendants' request for an award of attorney's fees and costs as a sanction, and directed Ms. Willey's counsel to submit a memorandum of attorney's fees and costs. The court indicated that it would determine the amount of sanctions to be ordered under a separate order.

Defendants' counsel, Ms. Goddard, filed an itemized billing in support of defendants' motion to compel and request for sanctions (ECF No. 44), supported by her declaration (ECF No. 44-1). The court now considers defendants' report of fees and costs related to defendants' motion to compel.

**I. DISCUSSION**

Defendants are the prevailing party to the extent that the court determined that Ms. Pool should have provided defendants with outstanding discovery requests. The court concluded that an award of attorney's fees and costs was proper under the circumstances, and it must now calculate a reasonable fee award.

Calculation of reasonable attorney's fees is a two-step process. First, the court computes the "lodestar" figure, which requires the court to multiply the reasonable hourly rate by the number of

-1-

hours reasonably expended on the litigation. *Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000) (citation omitted). Second, the court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

**A.**   *Step One*

    **1.**   **Reasonable Hourly Rate**

It is customary for attorneys to bill an hourly rate for legal services provided, and Ms. Goddard attests that her hourly rate is $425, and an associate assigned to the case, Ms. Jacobsen, charges an hourly rate of $300. Defendants assert that these hourly rates are reasonable considering the skill, experience, and reputation of the attorneys assigned to this case. The court finds both of these hourly rates to be reasonable and comparable to hourly rates attorneys practicing before this court routinely charge.

    **2.**   **Hours Reasonably Expended**

The court next considers the hours expended on the tasks outlined in Ms. Goddard's declaration. The party seeking an award of fees must submit evidence supporting the hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* The court should exclude from the initial fee calculation hours that are not reasonably expended. *Id.* at 433-34. In other words, the court has discretion to "trim fat" from, or otherwise reduce, the number of hours claimed to have been spent on the case. *Edwards v. Nat'l Business Factors, Inc.*, 897 F.Supp 458, 460 (D.Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

Ms. Goddard provides the dates that she and Ms. Jacobsen provided legal services in connection with the motion to compel and for sanctions, a task summary of work performed for each entry, the time spent on each task, and redacted invoices. (ECF Nos. 44 at 2-3, 44-3.) As identified in detail by plaintiff's objections to defendants' memorandum (*See* ECF No. 48), defendants' billing

1  records include some inconsistencies that violate regular billing practices and guidelines, such as
2  improper block billing entries, vague entries, and billing in quarter-hour increments.

3      The court has the discretion to reduce fees to "account for the potential inflation of hours that
4  may result from block billing." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 765 (9th Cir. 2015).
5  Ms. Goddard provides only a vague description of the tasks completed and she does not provide a
6  specific allotment of time per task. The Supreme Court has advised that although counsel "is not
7  required to record in great detail how each minute of his time was expended," counsel "should
8  maintain billing time records in a manner that will enable a reviewing court to identify distinct
9  claims." *Hensley*, 461 U.S. at 437 & n.12. For example, an entry on November 11, 2016 states,
10 "Detailed review of discovery responses; strategy development re additional discovery needed;
11 strategy development re reply in support of motions and sanctions to exclude evidence; revise meet
12 and confer letter regarding deficient discovery responses" and bills for 1.50 hours of work. (ECF
13 Nos. 44 at 3, 44-3 at 11.) The block billing and vague descriptions make it quite difficult for the court
14 to discern how much time was actually spent on particular activities; therefore, the court will reduce
15 the fee award accordingly. *See Hensley*, 461 U.S. at 433.

16     Additionally, Ms. Goddard's records show that she billed her time in quarter-hour increments.
17 (ECF Nos. 44 at 2-3, 44-3.) This is worrisome to the court as billing in quarter-hour increments is
18 less reliable than billing in tenth-hour increments and risks bill inflation. *See Welch v. Metro. Life*
19 *Ins. Co.*, 480 F.3d 942, 948-49 (9th Cir. 2007); *see also Edwards*, 897 F.Supp. at 461. For example,
20 a billing entry on August 15, 2016, states, "Review of email from opposing counsel re discovery;
21 develop strategy for response to same; email to counsel" and bills 0.50 hours. (ECF Nos. 44 at 2, 44-
22 3 at 3.) Not only is this entry block billed, but it also illustrates the court's concern with quarter-hour
23 billing as it is hard for the court to believe that reading and responding to an email took counsel 0.50
24 hours. Further, the court is not persuaded by defendants' argument that billing in quarter-hour
25 increments is "widely accepted" and does not find the cited cases persuasive. (ECF No. 49 at 5-7.)
26 Defendants cite to several cases in other districts and circuit courts, in addition to a 1993 case in the

27

District of Nevada where quarter-hour billing was upheld. (*Id.*)  The court is more persuaded by the 1995 decision in *Edwards v. Nat'l Business Factors, Inc.*, where the court was similarly troubled by the use of quarter-hour incremental billing and reduced the fee award accordingly.  *See Edwards*, 897 F.Supp. at 461.  Additionally, defendants cite to two other cases that were before the District of Nevada in which they state that their firm's utilization of quarter-hour increments was upheld. (*Id.* at 7.)  However, upon review of the cited cases, neither case specifically discussed the quarter-hour billing practice.  *See Hussein S. Hussein v. Nevada System of Higher Education, et al.*, Case No. 3:04-cv-00455-JCM-GWF (ECF No. 833; *Nevada Controls, LLC v. Wind Pump Power, LLC, et al.*, Case No. 3:12-cv- 00068-HDM-VPC (ECF No. 79).  Because the issue of quarter-hour billing was not fully briefed before the court, those cases are not useful to this court's analysis.  Therefore, this court finds that the use of billing in quarter-hour increments is less reliable and a reduction of the fee award is appropriate.  *See Hensley*, 461 U.S. at 433.

The combination of block billing, vague descriptions, and billing in quarter-hour increments leads this court to find that the hours reported are unreasonable.  Based on the above, the court finds that a blanket reduction of the requested fees in the amount of twenty percent is appropriate and consistent with other attorneys' fee awards under similar situations.  *See, e.g.*, *Welch*, 480 F.3d at 948; *Oracle USA, Inc. v. Rimini Street, Inc.*, 2016 WL 5213917 (D.Nev. Sept. 21, 2016); *Huhmann v. FedEx Corp.*, 2015 WL 6127198, at *8 (S.D.Cal. Oct. 16, 2015).

**B.**     ***Step Two***

Having considered the hourly rate and the legal services itemized in Ms. Goddard's declaration, the court must decide whether to increase or reduce the lodestar amount based upon the *Kerr* factors not already included in the initial lodestar calculation.  *Fischer*, 214 F.3d 1115, 1119.  The *Kerr* factors are: (1) the time and labor required, (2) the novelty and the difficulty of the questions involved, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or circumstances, (8) the amount

involved and the results obtained, (9) the experience, reputation, and ability of the attorney, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and, (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 525 F.2d 67, 70 (9th Cir. 1975). The *Kerr* factors are also incorporated into Local Rule 54-14. The court has considered all of the relevant factors and finds that no other *Kerr* factors warrant enhancement or reduction of the fees. Therefore, based on the 20% reduction discussed above, defendants are entitled to recover $6,550.00.

Finally, as to costs, Ms. Goddard requests $82.50 in costs for WestLaw legal research. (ECF No. 44 at 3.) However, costs for computer research fees are ordinarily not allowed and will not be allowed in this case. *See* LR 54-11(g).

## II.  CONCLUSION

**IT IS SO ORDERED** that defendants are awarded the sum of $6,550.00 in attorney's fees, payable to defendants' counsel within sixty days of the date of this order.

**IT IS SO ORDERED.**

**DATED:** January 23, 2017.

_____
**UNITED STATES MAGISTRATE JUDGE**